UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAMIAN MARTIN,

                Plaintiff,          **MEMORANDUM AND ORDER**
                                                              1:23-cv-04933-OEM-MMH

    -against-

CITY HIVE, INC.,

                Defendant.
-----------------------------------------------------------------x
**ORELIA E. MERCHANT, United States District Judge:**

        Plaintiff Damian Martin ("Plaintiff" or "Martin") filed suit against defendant City Hive, Inc. ("Defendant" or "City Hive") on June 30, 2023, alleging that City Hive discriminates against blind and visually impaired customers by maintaining an inaccessible website in violation of Title III of the American Disabilities Act, 42 U.S.C. § 12181, *et. seq.* ("ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. ("NYCHRL"). *See generally* Plaintiff's Complaint ("Compl."), ECF 1. Defendant City Hive moves to dismiss Martin's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on grounds that Martin lacks standing generally and standing to seek injunctive relief ordering Defendant to make its website accessible to blind and visually impaired consumers. Alternatively, Defendant seeks an evidentiary hearing and jurisdictional discovery on the issue of Martin's standing.

        For the reasons that follow, the Court grants Defendant's motion to the extent that it seeks an evidentiary hearing and jurisdictional discovery.

## BACKGROUND

        Plaintiff is a visually impaired and legally blind Brooklyn, New York resident who asserts that he encountered alleged access barriers while visiting the subject website,

1

www.whiskeyandwineoff69.com (the "Website"). Compl. ¶¶ 2, 4. Defendant alleges that Plaintiff's law firm has filed over 1,060 boilerplate complaints in the federal District Courts of New York, 29 of which were filed on behalf of Plaintiff personally. Def. Mot. Dismiss at 1.

This lawsuit targets City Hive, a company that purportedly facilitated the design and operation of the Website. Compl. at 2. City Hive alleges that it is a company that creates customizable e-commerce websites and applications and alleges that it created the Website for Whiskey & Wine Off 69, a local neighborhood wine shop located on the Upper East Side of Manhattan at 1321 2nd Avenue, New York, New York. Def. Mot. Dismiss at 2.

Plaintiff alleges that he attempted to access the website twice, once on June 4, 2023, and again on June 16, 2023, to purchase a bottle of "Clase Azul Anejo Tequila" to celebrate his brother's college graduation. Compl. ¶¶ 20-22. Plaintiff further alleges that he was not able to purchase the tequila because of the Website's inaccessibility and alleges that he "intends to attempt to access the Website in the future to purchase products and services the Website offers, and more specifically the 'Clase Azul Anejo Tequila,' if remedied." Compl. ¶¶ 24, 29, 46.

## DISCUSSION

In order for Plaintiff to have standing to bring his claims under the ADA, Plaintiff must plausibly allege his intent to return to the Website. *See Harty v. Simon Prop. Grp.*, L.P., 428 F. App'x 69, 72 (2d Cir. 2011) (summary order); *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72, 78 (2d Cir. 2022); *Maddy v. Life Time, Inc.*, No. 22-cv-5007-LJL, 2023 WL 4364488, at *3 (S.D.N.Y. July 5, 2023). The Court has concerns regarding the sincerity of Plaintiff's "inten[tion] to attempt to access the Website in the future…if remedied" for many of the same reasons set forth by Defendant in its brief. Comp. ¶ 29; *see* Def Mot. Dismiss at 14-22.

Plaintiff alleges that he only visited the Website twice, his last visit just two weeks before filing the Complaint. *See* Compl. ¶¶ 20. Moreover, Plaintiff has not alleged that he collects tequila or considers himself to be a tequila aficionado; rather, Plaintiff claims that he wanted to purchase the 'Clase Azul Anejo Tequila' to celebrate his brother's college graduation and that he was "looking specifically for this type of spirit." Compl. ¶¶ 22. Given that Plaintiff's professed reason for seeking to purchase the tequila was for a specific event, which may have already taken place sometime shortly after the Complaint was originally filed in June 2023, the Court has reason to question Plaintiff's current intent to return to the Website. *See Id.*

The Court likewise has concerns regarding Plaintiff's additional claims that he wanted the 'Clase Azul Anejo Tequila' for its "good pricing and the ability for it to be shipped to his home." *Id.* at ¶¶ 23, 41. Defendants allege that Plaintiff can purchase the tequila at a lower price from several liquor stores near his home in Brooklyn or from online retailers that also offer home delivery. Def. Mot. Dismiss at 4, 18. Finally, Plaintiff's Complaint, which Defendant claims is identical to other complaints that Plaintiff filed against other businesses, *Id.* at 18, appears to largely be a "cut-and-paste" and "fill-in-the blank pleading[]." *See Calcano*, 36 F.4th at 77 (explaining that the Court could not ignore the broader context of plaintiffs' "cut-and-paste and fill-in-the-blank pleadings" where plaintiffs filed 81 essentially identical complaints with conclusory allegations, which further confirmed the implausibility of their injuries); *see also Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("In resolving a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings."), *aff'd*, 561 U.S. 247 (2010). The boilerplate nature of Plaintiff's complaint is not in itself dispositive, but considered alongside the other factors in this case it adds to the Court's concerns. These concerns are only furthered by Defendant's allegation that

3

Plaintiff's numerous other complaints filed during a short time span of just a few weeks cumulatively reflect an unexplained "major shopping spree" for luxury items. Def. Mot. Dismiss at 20.

"'[D]iscovery and fact finding' […] are appropriate" where there are "'significant reasons to question whether Plaintiff does, in fact, have a plausible intention' to revisit the Website." *Mercedes v. Broadway Play Publishing Inc.*, No. 23-cv-9519-JMF-VF, at *3 (S.D.N.Y. May 28, 2024) (quoting *Laufer v. Laxmi & Sons, LLC*, No. 19-cv-1501-BKS-ML, 2021 WL 1970264, at *5-6 (N.D.N.Y. Apr. 1, 2021)) (granting motion seeking jurisdictional discovery on the issue of plaintiff's standing and evidentiary hearing); *accord Maddy*, 2023 WL 4364488, at *8-9.

Accordingly, the Court will conduct an in-person evidentiary hearing limited to the question of whether Martin has standing on August 13, 2024 at 11:00 a.m. in Courtroom 6C South. City Hive is granted leave to take discovery on the issue of standing, including but not limited to a deposition of Plaintiff and, if requested, a forensic examination of his computer. *See Mercedes*, No. 23-cv-9519-JMF-VF, at *3. Defendant may take discovery with respect to all elements of standing as established by *Calcano*, including intent to return to the Website, a reasonable inference that discrimination will continue, and whether Martin suffered prior injury. *See Calcano*, 36 F.4th at 74; *see also Mercedes*, No. 23-cv-9519-JMF-VF, at *3.

The parties shall, after conferring on the scope and timing of discovery, submit a joint letter to Magistrate Judge Henry, no later than July 24, 2024, indicating whether they have reached an agreement regarding the scope and timing of discovery and proposing a corresponding order. No later than August 8, 2024, the parties shall file a Joint Pre-Hearing

Order detailing the parties' positions and the evidence to be adduced at the in-person evidentiary hearing.

SO ORDERED.

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

Dated: Brooklyn, New York
      July 19, 2024